IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN TYLER LOVE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:10-cv-105-MEF |
| | ) | |
| TOWN OF ARITON, *et al.*, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 12, 2010, Plaintiff filed suit against the Town of Ariton ("Ariton"), Mike Cowarts ("Cowarts"), and several fictitious defendants in the Circuit Court of Dale County, Alabama. Plaintiff's Complaint set forth his claims in six counts: (1) Count I - Assault; (2) Count II - Negligence; (3) Count III - Negligent Hiring, Training and Supervision; (4) Count IV - Deprivation of Civil Rights Under Color of State Law, Denial of Due Process; (5) Count V - False Arrest/False Imprisonment; and (6) Count VI - Fictitious Defendants, a claim which incorporates by reference all other claims set forth in the other counts against fictitious defendants.

On February 9, 2010, Ariton and Cowarts timely and properly removed this action from state court to this Court. In so doing, they invoked this Court's subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 because Count IV of the Complaint set forth a claim pursuant to federal law, specifically, a claim pursuant to 42 U.S.C. § 1983 for an alleged violation of the Plaintiff's rights under the Fourth Amendment to the

Constitution of the United States of America.[1] Although Defendants failed to make any reference to a basis for this Court's exercise of subject matter jurisdiction over the other claims set forth in the Complaint which arise under Alabama law, the Court notes that it has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the claims in the Complaint which arise under Alabama law.

At the time of removal, Cowarts and Ariton also elected to file a motion to dismiss rather than to file an answer. *See* Defendants' Motion to Dismiss (Doc. #4) filed on February 9, 2010. The Court directed Plaintiff to file a response to the motion to dismiss by no later than February 25, 2010. Rather than complying with this Order in a timely fashion, Plaintiff's counsel filed an Amended Complaint on February 26, 2010.[2] By that amendment, Plaintiff dismissed Count IV, the only claim in this action over which this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. On that same day, Plaintiff also filed a motion seeking an extension of time for his response to the motion to dismiss. *See* Doc. # 10. Plaintiff represented that this motion was not opposed, and the Court granted the requested extension of time. The Court also directed the parties to submit briefs addressing whether this Court should continue to exercise supplement jurisdiction over this action.

---

[1] Ariton and Cowarts now contend that this Court also had original jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3), however, Ariton and Cowarts made no mention of this ground for jurisdiction in their Notice of Removal.

[2] Plaintiff did not seek leave of Court or opposing counsel to file this Amended Complaint. Under the most recent amendment to Federal Rule of Civil Procedure 15(a), the Court is satisfied that Plaintiff is within the period of time for amending the Complaint as a matter of course without leave of Court. *See* Fed. R. Civ. P. 15(a)(1)(B).

Cowarts and Ariton urged this Court to continue to exercise jurisdiction over this action on a variety of grounds. Plaintiff asked this Court to decline to exercise jurisdiction over this action.

**A. Pendency of Federal Claims After Amendment of the Complaint**

Ariton and Cowarts contend that Count VI of the original complaint, which was not altered by the amendment of the Complaint, contains federal claims over which this Court still has original jurisdiction. All claims set forth in Count VI are brought against unnamed, unidentified "fictitious." This pleading practice is permissible under the Alabama Rules of Civil Procedure. The Court finds that there is no fictitious party practice in federal courts. *See, e.g.,* Fed. R. Civ. P. 10(a); *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Harris v. Palm Harbor Homes, Inc.,* 198 F. Supp. 2d 1303, 1304 n.6 (M.D. Ala. 2002); *Edwards v. Alabama Dep't of Corr.,* 81 F. Supp. 2d 1242, 1257 (M.D. Ala. 2000). Accordingly, it is hereby ORDERED that all federal claims in Count VI are DISMISSED WITHOUT PREJUDICE. Having so ordered, the Court further finds that it has now dismissed all claims over which it has original subject matter jurisdiction.

**B. Supplement Jurisdiction**

As previously explained, in addition to his claims pursuant to federal law, Plaintiff brings a number of claims pursuant to Alabama law. This Court has supplemental subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1367. The statutory provision addressing supplemental jurisdiction provides that

3

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, Section 1367(a) provides a basis for this Court to exercise jurisdiction over Plaintiff's claims pursuant to Alabama law because it has jurisdiction over his claims pursuant to federal law. However, the requirement contained in § 1367(a) that this Court exercise its supplemental jurisdiction over Plaintiff's state law claims is subject to certain enumerated instances in which it is appropriate for a federal court to decline to exercise its supplemental jurisdiction over a case. Those circumstances are set forth in Section 1367(c), which provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court finds that claims before this Court pursuant to § 1367(a) complex issues of Alabama law. Additionally, all federal claims over which this Court had original jurisdiction have now been dismissed. Pursuant to 28 U.S.C. § 1367(c)(1) & (3), the Court will exercise its discretion to decline to exercise supplemental jurisdiction over

Plaintiff's claims pursuant to Alabama law.  All of Plaintiff's claims pursuant to Alabama law will accordingly be DISMISSED WITHOUT PREJUDICE.  This dismissal should not work to Plaintiff's disadvantage should he elect to bring suit in state court because the period of limitations for any of these claims is tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d).  For the foregoing reasons, it is hereby ORDERED that all remaining claims in this lawsuit are DISMISSED WITHOUT PREJUDICE and the Clerk of the Court is DIRECTED to terminate this case from this Court's docket.  It is further ORDERED that the Motion to Dismiss (Doc. # 4), the Motion for Leave to Amend Complaint (Doc. # 15) filed on March 8, 2010, and the Motion to Dismiss (Doc. # 17) filed on March 11, 2010 are DENIED as MOOT.

DONE this the 23rd day of March, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE